IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                          PLAINTIFF/RESPONDENT

v.                              Civil No. 05-2115
                                Criminal No. 03-20010-002

LUIS MORA-QUINONES                                                    DEFENDANT/MOVANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Luis Mora-Quinones, a federal prisoner, brings this motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence. The United States has filed a response.

DISCUSSION

*Background*

The Eighth Circuit provided the background of this case in *United States v. Mora-Quinones*, 134 F.Appx. 992 (2005). On December 8, 2002, Arkansas State Police conducted a traffic stop of a motor home driven by Gloria Gomez. The stop occurred in Alma, Arkansas, located in the Western District of Arkansas. Gomez consented to a search of the motor home which yielded over 100 kilograms of marijuana and 160 pounds of dimethyl sulfone, a cutting agent for methamphetamine. Gomez advised law enforcement officers that a man (later identified as movant) asked her to drive the motor home and that he and others were traveling with her in separate vehicles at the time of the traffic stop. She described the vehicles and occupants to the officers.

The next day, a deputy sheriff stopped two vehicles matching the description given by Gomez. The stop occurred in Forrest City, Arkansas, located in the Eastern District of Arkansas.

According to the presentence report (PSR), the vehicles were stopped for suspicion of drug activity based on the stop of the co-defendant in Western Arkansas. One of the occupants identified as "Carlos Gonzales" was wanted by Immigration and Customs Enforcement (ICE). The sheriff's department later learned from ICE that Carlos Gonzales was actually Luis Mora-Quinones.

Mora-Quinones was indicted in the Eastern District of Arkansas with illegal re-entry after deportation in violation of 8 U.S.C. §§ 1326(a)(2) and (b)(2). He pled guilty to the charge and on November 21, 2003, was sentenced to 70 months imprisonment.

Mora-Quinones was indicted in this district, along with Gloria Gomez and Andrew Hansen, with conspiracy to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1)(B)(vii) and 846. He pled guilty to the charge.

The PSR stated that the total weight of the marijuana was 199.855 kilograms with a monetary value of $470,000 (PSR, para. 13). Mora-Quinones was given a base offense level of 26 under U.S.S.G. § 2D1.1(c)(7). Two points were added for role in the offense under U.S.S.G. § 3B1.1(c), the PSR explaining that Mora-Quinones enlisted the others involved in the offense. Mora-Quinones received a 3-point adjustment for acceptance of responsibility for a total offense level of 25. With a criminal history category of VI, the guideline range was 110 to 137 months.

In April 2004, Mora-Quinones was sentenced by Honorable Robert T. Dawson to 130 months imprisonment and 5 years supervised release. Judge Dawson ordered the sentence to run concurrent with the Eastern District conviction of illegal re-entry.

Mora-Quinones appealed his Western District sentence to the Eighth Circuit Court of Appeals. His sole claim was that the district court erred in counting his illegal re-entry conviction as a prior conviction for purposes of computing his criminal history score and that the illegal re-entry

should have been considered "relevant conduct" with respect to his drug trafficking offense under U.S.S.G. § 1B1.2 and not factored into criminal history. Inclusion of the Eastern District conviction increased Mora-Quinones's criminal history from Category V to VI and increased the guideline range from 100-125 months to 110-136 months.

The Eighth Circuit held that "Mora-Quinones's illegal re-entry was not relevant conduct with respect to his drug trafficking offense," explaining that the "geographical and temporarily proximity between the drug trafficking offense and the discovery of Mora-Quinones in the United States after his illegal re-entry did not indicate any meaningful connection between the offenses, and none of the other useful factors tends to establish that the unlawful re-entry was part of the drug trafficking crime." *United States v. Mora-Quinones*, 134 F.Appx. 992, 994 (8th Cir. June 17, 2005)(unpublished). The court concluded that Judge Dawson properly considered the Eastern District illegal re-entry conviction for purposes of sentencing. The court noted in footnote three that Mora-Quinones raised no challenge to his sentence based on *United States v. Booker*, ___U.S. ___, 125 S. Ct. 738 (2005).

*Ground One*

For ground one of the instant motion, Mora-Quinones makes the same argument presented on direct appeal. In that this ground was raised on appeal and decided adversely to Mora-Quinones, it may not be relitigated here. *Thompson v. United States*, 7 F.3d 1377, 1379 (8th Cir. 1993).

Mora-Quinones does not make a separate *Booker* claim but he erroneously declares that he presented a *Booker* claim on direct appeal. (*See* Motion, paragraph 9 (f)). Assuming Mora-Quinones is attempting to make a *Booker* claim as part of ground one, the claim is unavailing. *Booker* was delivered on January 12, 2005, prior to the affirmance of Mora-Quinones's sentence by

the Eighth Circuit and is thus applicable to Mora-Quinones's sentence. However, as explained below, no *Booker* error occurred and any such claim on direct appeal would have been unsuccessful.

In *Booker*, the Supreme Court restated its earlier holding in *Blakely v. Washington*, ___U.S. ___, 124 S.Ct. 2531 (2004) that the Sixth Amendment requires that any fact which leads to a sentencing enhancement, other than the fact of a prior conviction, must be found by a jury or admitted by the defendant. The Court held that the Sentencing Guidelines, which directed enhancements based on judge-found facts, was unconstitutional. The Court made the mandatory Guidelines advisory only to correct the defect.

Here, Mora-Quinones pled guilty to the indictment charging him with conspiracy to distribute over 100 kilograms of marijuana. In the PSR, he was held accountable for 199.855 kilograms of marijuana and took no exception. He received a base level offense of 26 which applies when 100 to 400 kilograms of marijuana are involved. U.S.S.G. § 2D1.1(c)(7). He received a 2-point enhancement for role in the offense to which he made no objection. *See United States v. Perez-Ramirez*, 415 F.3d 876, 878 (8th Cir. 2004) (when facts underlying enhancement are included in PSR and not objected to by defendant, then he is deemed to have admitted the facts and the resulting enhancement does not violate the Sixth Amendment). The only other enhancement was based on Mora-Quinones's prior convictions which are exempt from in the *Booker* decision. *See Perez-Ramirez*, at 878 (enhancement based on prior conviction does not implicate Sixth Amendment under *Booker*).

*Ground Two*

For ground two, Mora-Quinones states the court failed to properly inquire into a "conflict of interest" by defense counsel. Mora-Quinones explains that if his defense counsel would have done

a thorough job of investigating the real reason for the "so called" traffic violation stop, he would have discovered that Mora-Quinones was stopped "on suspicion" and not for illegal re-entry.

This claim is meritless. Mora-Quinones does not allege any facts to suggest a colorable claim that his counsel labored under an conflict of interest that adversely affected his performance. *See Culyer v. Sullivan*, 446 U.S. 335, 348 (1980); *Covey v. U.S.*, 377 F.3d 903 (8th Cir. 2004). The allegations suggest a claim that counsel provided ineffective assistance by failing to challenge the stated reason for the Eastern District stop. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984)(claim of ineffective assistance of counsel claims requires showing that counsel's performance was defective and prejudice resulted). However, in this case, it was agreed that Mora-Quinones's stop in Eastern District of Arkansas was on suspicion of drug activity; thus, Mora-Quinones has not shown that his counsel was ineffective in the matter.

*Ground Three*

For ground three, Mora-Quinones simply states "10 Percent Reduction" and that an amount of marijuana under 100 kilograms would have resulted in a lower sentence. Assuming that Mora-Quinones is asserting that his counsel failed to assert this argument, the claim is meritless. A 10 percent reduction can be applied to the weight of marijuana to account for the weight of the marijuana's packaging. *See United States v. Martinez*, 232 F.3d 728, 731 (9th Cir. 2000). Here, however, even if the 10 percent reduction had been applied, the reduction of 199.855 kilograms by 10 percent would not have resulted in an amount of marijuana less than 100 kilograms. Accordingly, Mora-Quinones has no valid ineffective claim based on this matter.

*Ground Four*

For ground four, Mora-Quinones states that when a defendant accepts responsibility, he is entitled to a 3-point downward adjustment for acceptance of responsibility and, in addition, a 4 point downward departure for saving the government time and money. Here, Mora-Quinones received a 2-level decrease of his offense level for acceptance of responsibility under U.S.S.G. § 3E1.1(a). He also received an additional 1- level decrease under § 3E1.1(b) which applies when the offense level is 16 or greater and the government moves for the decrease stating that the defendant assisted authorities in the investigation/prosecution of his own misconduct, permitting the government to avoid trial and the savings of resources. Mora-Quinones is incorrect in his assertion that he was entitled to an additional 4-point downward departure merely for saving the government time and money. *See* U.S.S.G., Part K (setting out departures based on substantial assistance to authorities and other factors).

CONCLUSION

Based on the above, I recommend that the instant petition be dismissed and denied. A hearing need not be held on a § 2255 motion where the motion, files and record show conclusively that the movant is not entitled to relief. *Koskela v. U.S.*, 235 F.3d , 1149 (8th Cir. 2001).

**The parties have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 2nd day of November 2005.

        /s/Beverly Stites Jones
        HON. BEVERLY STITES JONES
        UNITED STATES MAGISTRATE JUDGE